**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

**ALS SCAN, INC.,**
**a Maryland corporation**

**Plaintiff,**

**v.**

**TERAVISION, INC.,**
**a California corporation;**
**Serve:**
David P Beitchman
510 West Sixth Street
Penthouse 1220
Los Angeles, CA 90014

**THE TERA PATRICK AGENCY, INC.**
**a California corporation;**
**Serve:**
David P Beitchman
510 West Sixth Street
Penthouse 1220
Los Angeles, CA 90014

**DOES 1 through 10 inclusive,**

**Defendants.**

**CASE NO.: ____________**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**AND VICARIOUS LIABILITY AND CONTRIBUTORY INFRINGEMENT**

Plaintiff ALS Scan, Inc. ("ALS"), by its attorney, for its Complaint against Defendants, based upon federal question jurisdiction, alleges as follows:

1. ALS seeks damages based upon a willful infringement of the intellectual property right of ALS. Specifically, Defendants are currently infringing an ALS' copyright by the unauthorized reproduction, display and distribution of a photograph owned by ALS on a Web site owned and/or controlled by

Defendants. Despite notice from ALS of the ongoing infringement of its rights, Defendants have refused to cease their wrongful conduct. As such, the conduct of Defendants constitutes a willful infringement of ALS' copyright and violates the Copyright Act.

**Jurisdiction**

2. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. and this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is conferred by 28 U.S.C. §§ 1391(b) and 1391(d). Defendants are subject to personal jurisdiction in the District of Maryland.

**Parties**

4. ALS is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Columbia, Maryland.

5. Based upon information and belief, The Tera Patrick Agency, Inc. is a California corporation that lists its offices with the California Secretary of State at: 328 B Paseo De La Playa, Redondo Beach, California 90277.

6. Based upon information and belief, Teravision, Inc. is a California corporation that lists its offices with the California Secretary of State at: 328 B Paseo De La Playa, Redondo Beach, California 90277.

7. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 though 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by such

fictitious names. The Doe defendants include persons and entities assisting or acting in concert with the named Defendants in connection with the actions complained of herein and include persons and entities who have reproduced, displayed, and distributed ALS' copyright protected work as alleged below. Plaintiff will seek leave of this Court to amend this Complaint when the status and identities of these defendants are ascertained.

**The Business of ALS**

8. ALS publishes the well known and successful website *http://www.alsscan.com* (the "ALS Site") which receives two million unique visitors each month. In addition to the publication of the ALS Site, ALS creates and markets other websites as well as produces motion picture footage.

9. The ALS Site is subscription based. In other words, consumers who are 21 years of age or older may purchase access to content on the ALS Site in exchange for the payment of a membership fee.

10. All of ALS' copyrighted images have a Certificate of Registration issued by the United States Copyright Office and contain ©, the name "ALS Scan" and the copyright year, or some other *indicia* of ALS' ownership. These Copyright Registrations are valid and subsisting.

11. ALS is the owner of the valuable and well-known ALS SCAN trademark. This mark is used by ALS in connection with the sale of its copyrighted products. ALS has spent millions of dollars advertising and promoting the ALS SCAN® mark and has sold millions of dollars of products and services under the ALS SCAN® mark. ALS has built up and now owns valuable goodwill

symbolized by the ALS SCAN® trademark.

12. ALS has invested, and continues to invest, substantial sums of money, as well as time, effort and creative talent, to produce its copyrighted works. In order to produce such works, ALS must make numerous payments including model, photographer, location, styling, make-up, film, processing, travel, public relations, legal, and advertising expenditures. ALS is compensated for its creative efforts and monetary investments largely from subscription fees to its Website.

13. ALS has expended large sums of money in the establishment and maintenance of a photography department for the creation of its original pictures, and its staff has created thousands of new and original pictures, inclusive of those depicted in Plaintiff's aforementioned copyrighted works.

14. ALS has additionally expended large sums of money in advertising and promoting its products incorporating its original art work, designs, and photographs, and in building up public recognition and demand thereof; and over the years ALS has built up a valuable business and enviable reputation by reason of the distinct styling, and quality of its products, and by reason thereof, its original art work, designs, art styles, and photographs are widely identified in the minds of the purchasing public with ALS. ALS also spent additional large sums of money protecting its copyrights to all of the pictures it creates.

**Direct Infringement on Defendants' Website**

15. ALS alleges, upon information and belief, that Defendants own and

operate the Web site: ***http://www.terapatrickagency.com*** ("Defendants' Site"); which has, and continues to, willfully infringe ALS intellectual property right.

16. At all times relevant herein, Defendants had the right and ability to exercise control over Defendants' Site and they obtained a direct financial benefit from the infringing activity.

17. Upon information and belief, Defendants are directly liable, liable for inducing and/or contributing to, and vicariously liable for, the infringement of ALS' copyright on Defendants' Site.

18. Upon information and belief, Defendants are aware of the infringement on Defendants' Site; as ALS has repeatedly notified Defendants of the violation. As such, Defendants knew, or had reason to know, that an image on Defendants' Site was infringing an ALS copyright.

**CLAIM FOR RELIEF**
**(Copyright Infringement, Vicarious Liability, and Contributory Infringement Against All Defendants – 17 U.S.C. § 101 *et seq*.)**

19. ALS incorporated the allegations set forth in paragraphs 1 through 18 of this Complaint as though fully set forth at length.

20. At all times relevant herein, ALS has been the owner of all right, title, and interest to the copyright in suit. ALS has registered the copyright for the image that Defendants have unlawfully reproduced, copied, prepared derivative works from, distributed, and publicly displayed. (See Exhibit A.)

21. The ALS copyrighted work consists of material wholly original to ALS and has received a Certificate of Registration from the United States Copyright

Office. (See Exhibit B.)

22. Upon information and belief, the Defendants have directly infringed and/or knowingly induced, caused, materially contributed, encouraged, or assisted others to infringe ALS' copyright, including by the reproduction, alteration, public display, and distribution of the copyrighted work on Defendants' Site. (See Exhibit C.)

23. Defendants are liable for infringing ALS' registered copyright as set forth above, by reproducing, copying, publicly displaying, creating derivative works from, and distributing for purposes of trade unauthorized copies of ALS' works, in violation of 17 U.S.C. § 101 *et seq*.

24. Upon information and belief, Defendants knew that ALS' copyrighted photograph was displayed on Defendants' Site and refused to cease and desist their infringing activity. (See Exhibit D.)

25. At all times relevant herein, Defendants had the right and ability to supervise and/or control the infringing content that existed on Defendants' Site. As a direct and proximate result of such failure, Defendants' Site has infringed ALS' copyrights, as set forth above.

26. At all relevant times herein, Defendants derived substantial financial benefit from the infringement of ALS' copyright, in that among other things, the availability of infringing material on Defendants' Site acts as a draw for clients who, in turn, pay Defendants a fee. Defendants' acts alleged herein were performed without the permission, license, or consent of ALS.

27. The foregoing acts of infringement by Defendants have been willful,

intentional, and purposeful, in disregard of and with indifference to the rights of ALS.

28. Defendants' conduct, as averred herein, constitutes direct, as well as contributory and vicarious infringement of ALS' copyright and ALS' exclusive rights under copyright, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. § 101 *et seq*.

29. ALS is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30. ALS is also entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, ALS prays for judgment in its favor against Defendants as follows:

1. Defendants be ordered to pay to Plaintiff statutory damages of up to $150,000 for each act of willful infringement of the copyright; or, in the alternative, Defendants be ordered to pay to Plaintiff statutory damages of up to $30,000 for the copyright infringement; and

2. Defendants be ordered to pay to Plaintiff attorney's fees, costs and expenses incurred; and

3. Plaintiff be granted such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

DATED: November 18, 2005

ROBERT L. LOMBARDO
Federal Bar Number 12665
10125 Colesville Road, #205
Silver Spring, MD 20901
202-478-2884
E-mail: robert@lombardolegal.com
Attorney for Plaintiff ALS Scan, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: November 18, 2005

Robert L. Lombardo
Attorney for Plaintiff ALS Scan, Inc.